Citation Nr: 1714106 
Decision Date: 04/28/17 Archive Date: 05/05/17

DOCKET NO. 13-11 075 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Albuquerque, New Mexico 


THE ISSUE

Whether new and material evidence has been received sufficient to reopen a claim of service connection for a kidney/ureter disorder with neurogenic bladder.


ATTORNEY FOR THE BOARD

Roya Bahrami, Associate Counsel


INTRODUCTION

The Veteran had active service from November 1971 to August 1975 and from October 1976 to August 1978.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Boston, Massachusetts. In that decision, the RO denied the Veteran's application to reopen his previously denied claim for service connection for kidney disability. The RO also, inter alia, granted entitlement to a total disability rating based on individual unemployability (TDIU), effective the date of the February 17, 2009 application to reopen the claim for service connection for kidney disability.


FINDING OF FACT

In September 2016, prior to promulgation of a decision on the appeal, the Veteran contacted VA by telephone indicating that he wished to discontinue his appeal. This conversation has been reduced to writing and is of record.


CONCLUSION OF LAW

The criteria for withdrawal of a substantive appeal by the Veteran, for the issue of whether new and material evidence has been received sufficient to reopen a claim of service connection for a kidney/ureter disorder with neurogenic bladder, have been met. 38 U.S.C.A. § 7105 (b)(2), (d)(5) (West 2014); 38 C.F.R. §§ 20.202, 20.204 (2016).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Board has jurisdiction where there is a question of law or fact on appeal to the Secretary. 38 U.S.C.A. § 7104; 38 C.F.R. § 20.101. Under 38 U.S.C.A. § 7105, the Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. An appeal may be withdrawn in writing at any time before the Board promulgates a decision. 38 C.F.R. § 20.202. Withdrawal may be made in writing or on the record at a hearing by the appellant or by an authorized representative. 38 C.F.R. § 20.204.

In September 2016, the Veteran contacted the VA via telephone and stated that he "wishes to discontinue the appeal dated 5/14/2010 [notice of disagreement]." This contact was reduced to writing in a September 2016 Report of General Information (VA Form 27-0820). This document is of record in the claims file. The Board notes that the May 14, 2010 notice of disagreement pertains only to the current issue on appeal-whether new and material evidence has been received sufficient to reopen a claim of service connection for a kidney/ureter disorder with neurogenic bladder. Moreover, the report of general information also included the other information required by 38 C.F.R. § 20.204(b)(1), to include the Veteran's name and file number. 

Inasmuch as the Veteran has withdrawn his appeal, there is no allegation of error of fact or law in the matter remaining before the Board. Hence, the Board does not have jurisdiction to consider an appeal in the matter, and the appeal seeking to reopen a claim of service connection for a kidney/ureter disorder with neurogenic bladder must be dismissed.


ORDER

The appeal from the denial of the application to reopen a claim of service connection for a kidney/ureter disorder with neurogenic bladder is dismissed.



____________________________________________
Jonathan Hager
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs